DAVID JAMES KIRK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirk v. Commissioner
Docket No. 24935-88
United States Tax Court
T.C. Memo 1990-564; 1990 Tax Ct. Memo LEXIS 636; 60 T.C.M. (CCH) 1148; T.C.M. (RIA) 90564; October 29, 1990, Filed *636 An appropriate order and decision will be entered. Stephen R. Takeuchi, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM OPINION
This case was assigned to Special Trial Judge Pajak pursuant to section 7443A(b) of the Code and Rule 180 et seq. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE
This case is before the Court on respondent's motion for summary *637 judgment under Rule 121. Respondent determined a deficiency in petitioner's Federal income tax for 1984 in the amount of $ 54,499.00, plus additions to tax under section 6653(b)(1) of $ 29,031.00; under section 6653(b)(2) of 50 percent of the interest on the underpayment of tax of $ 54,499.00 due to fraud; and under section 6661 of $ 13,625.00. All section numbers refer to the Internal Revenue Code for the taxable year in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure. A petition was filed on behalf of petitioner on September 26, 1988, and petitioner filed an amendment to petition ratifying the petition on November 7, 1988. Rule 60(a). Respondent filed an answer to petition as amended, which alleged in pertinent part the following: 6. FURTHER ANSWERING THE PETITION and in support of the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax return for the taxable year 1984 is due, in whole or in part, to fraud with the intent on the part of the petitioner to evade tax, the respondent alleges: (a) Prior to, during and subsequent to the year 1984, the petitioner was in the business of *638 illegal drug trafficking. (b) During the year 1984, the petitioner derived unreported taxable income from the aforementioned illegal business activities. (c) The records maintained by petitioner for the taxable year 1984 were inadequate in that they were incomplete and failed to disclose all sources of income and did not properly reflect the correct taxable income of petitioner. (d) The petitioner's failure to maintain complete and adequate records of his income-producing activities and his failure to produce complete and adequate records for respondent in connection with the examination of his income tax return for the taxable year 1984 were fraudulent acts conducted by petitioner with the intent to evade tax for the taxable year 1984. (e) Because of petitioner's failure to maintain adequate books and records of his income-producing activities, his refusal to cooperate with respondent's examining agents, and his failure to voluntarily report his federal income tax on an income tax return for the taxable year 1984, the respondent has determined the petitioner's correct taxable income for the taxable year 1984 by use of the expenditures method of reconstructing *639 income. In his determination, the respondent has utilized all records, memoranda and other sources of income for [sic] which were attributable. (f) During 1982, petitioner was an officer and a shareholder of K. C. Entertainments, Inc., a corporation whose business activity was the operation of a cinema house in Melbourne, Florida. (g) Petitioner reported a salary from the corporation of $ 24,000 in 1983 and $ 31,665 in 1984. (h) In 1984, petitioner reported no other taxable income other than the salary received from K. C. Entertainments, Inc. in the amount of $ 31,665. (i) During 1984, petitioner made expenditures of at least of [sic] $ 146,414, all from taxable sources during the year. (j) On November 4, 1984, a one Marianne Gray was arrested when she attempted to board an airplane from Orlando, Florida to Hawaii with approximately one pound of cocaine hidden in her girdle. (k) On November 4, 1984, the same day of the arrest of Marianne Gray, petitioner was arrested and identified as the source of the supply for the cocaine in Ms. Gray's possession. The value of the one pound of cocaine supplied by petitioner to Ms. Marianne Gray was $ 17,500, *640 which amount was obtained by petitioner from taxable sources to purchase said cocaine. (l) At the time of petitioner's arrest, cash in currency was found at his residence in the amount of $ 29,641, which sum came from petitioner's taxable sources during 1984. (m) During 1984, petitioner paid legal fees in the amount of $ 35,000, which amount petitioner paid from taxable sources. (n) During 1984, petitioner made a payment on the purchase of a residence in the amount of $ 18,007 which sum came from taxable sources of petitioner. (o) During 1984, petitioner made payments to Florida Pool in the amount of $ 3,470, which amount came from taxable sources of petitioner during the year. (p) During taxable 1984, petitioner also had cash expenditures in the amount of $ 1,416 to Top Line Sales, which amount originated from taxable sources of petitioner. (q) Other expenditures by petitioner from petitioner's taxable sources during 1984 were as follows: Item and/or Payee
Amount
Melbourne Furniture
$  2,816.00
Imported Car Store
$  7,516.00
Video Concepts
$  3,318.00
Pruitt Insurance Agency
$    597.00
American Title & Carpet
$  4,552.00
Charlies Glass
$  1,477.00
Personal living expenses
$ 21,104.00
*641 (r) Of the $ 146,414 expenditures by petitioner from taxable source during 1984, petitioner reported only the salary of $ 31,665. Of the $ 31,665 salary, $ 2,762 represent income tax withholdings and social security (FICA) withholdings during the 1984 year. (s) The petitioner failed to report $ 117,511 in taxable income for the taxable year 1984, all with the fraudulent intent to evade tax for the period. (t) Petitioner filed a delinquent and fraudulent income tax return for 1984 on August 16, 1985 and failed to include thereon his tax liability due and owing in the amount of $ 54,499, all with the fraudulent intent to evade tax for the period. (u) On February 6, 1986, David Kirk, petitioner herein, was arrested again and charged with possession and intent to distribute cocaine and the conspiracy to possess and distribute approximately 1 kilogram of cocaine. (v) Petitioner pled guilty to the charges in the preceding paragraph and is currently serving an 8-year sentence pursuant to such plea. (w) A part of the underpayment of tax which petitioner was required to show on the income tax return for taxable year 1984 is due to fraud.
Respondent *642 filed a motion for entry of order that undenied allegations in answer be deemed admitted under Rule 37. Petitioner failed to respond to this motion. On March 8, 1989, this Court issued an order which deemed admitted material allegations of fact related to the deficiency and additions to tax which were raised in respondent's answer and to which petitioner did not reply. Rule 37(a) and (c). Respondent moved for summary judgment pursuant to Rule 121 based upon the deemed admissions. A hearing was held on the motion, at which no appearance or statement was made by or on behalf of petitioner. Rule 50. For the reasons set forth below, we grant respondent's motion. Although the moving party in a summary judgment proceeding bears the burden of proving there is no genuine issue of material fact, the adverse party, as petitioner has done here, may not rest merely on his pleadings. .Based upon the deemed admissions, we find that respondent has satisfied his burden, and we grant respondent's motion as to the amount of the deficiency and the section 6661 addition to the tax determined in the notice of deficiency. As *643 to the additions to tax for fraud, respondent bears the burden of proof by clear and convincing evidence. Sec. 7454(a); Rule 142(b); .Respondent argues that the facts deemed admitted are sufficient to satisfy this burden. Petitioner is deemed to have admitted the following: The petitioner's failure to maintain complete and adequate records of his income-producing activities and his failure to produce complete and adequate records for respondent in connection with the examination of his income tax return for the taxable year 1984 were fraudulent acts conducted by petitioner with the intent to evade tax for the taxable year 1984. The petitioner failed to report $ 117,511 in taxable income for the taxable year 1984, all with the fraudulent intent to evade tax for the period. Petitioner filed a delinquent and fraudulent income tax return for 1984 on August 16, 1985 and failed to include thereon his tax liability due and owing in the amount of $ 54,499, all with the fraudulent intent to evade tax for the period. A part of the underpayment of tax which petitioner was required to show on the income *644 tax return for taxable year 1984 is due to fraud.
The deemed facts overwhelmingly establish substantial, intentional omissions of taxable income. The deemed facts also establish that such omissions were fraudulent, with the intent to evade tax, and that part of the underpayment was due to fraud. .Again, respondent has met his burden of proof by means of the facts deemed admitted. . Accordingly, respondent's motion for summary judgment is granted as to the deficiency and additions to tax set forth in the notice of deficiency. An appropriate order and decision will be entered.